IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSE RIVERA,

    Plaintiff,

-vs-                                          Case No. A-12-CA-1080-SS

ELOY HERRERA d/b/a E. Herrera Trucking Company,

    Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Jose Rivera's Motion for Summary Judgment [#25], to which Defendant Eloy Herrera has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the summary judgment motion.

### Background

Rivera worked for Herrera as a short-haul truck driver from February 2, 2009 to March 31, 2012. Rivera contends he consistently worked, on average, seventy hours per week, but was not paid overtime wages. He brought this suit pursuant to the Fair Labor Standards Act, seeking compensation for these overtime hours.

This lawsuit was filed on November 21, 2012. Herrera narrowly avoided a default judgment before retaining counsel and filing an untimely answer on May 20, 2013. Since that time, Herrera has refused to comply with even the most basic of discovery requests, requiring this Court to enter

an order compelling Herrera's compliance and awarding minor sanctions. *See* Order of Feb. 3, 2014 [#27]. Herrera again failed to participate in the discovery process. As a result, Rivera has moved for summary judgment without the benefit of any discovery from Herrera. Although Rivera's motion was filed on January 26, 2014, Herrera has failed to respond in any way.[1]

Analysis

I. **Motion for Summary Judgment—Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere

---

[1] Accordingly, the Court may grant the motion as unopposed. *See* Local Rule CV-7(e)(2).

conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

As an employee bringing an FLSA claim for unpaid overtime compensation, Rivera "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *see also Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). The United States Supreme Court has explained:

> an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the

reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687–88.

In this case, the only evidence in the record is Rivera's Declaration. Any formal time records, to the extent they exist, have not been produced by Herrera. Nor has Herrera introduced any evidence challenging the working hours claimed by Rivera. Accordingly, Rivera has satisfied his burden by declaring he worked, on average, 30 overtime hours per week over a 123-week period from November 21, 2009, to March 31, 2012.[2] Rivera has calculated his normal hourly rate at $10.00 per hour, resulting in total owed compensation of $18,450.00.[3] Additionally, "[u]nder the FLSA, liquidated damages are to be awarded unless the employer demonstrates that it acted reasonably and in good faith." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) (citing 29 U.S.C. § 260). Herrera has submitted no evidence demonstrating he acted reasonably or in good faith. The Court therefore finds he has failed to carry his burden, and liquidated damages in an amount equal to the unpaid overtime compensation are appropriate. 29 U.S.C. § 216(b). Doubling Rivera's overtime wages brings his total damages to $36,900.00.

---

[2] These dates assume a three-year statute of limitations applies, which requires Herrera's violation of the FLSA to have been "willful." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (citing 29 U.S.C. § 255(a)). A violation of the FLSA is willful if the employer knew or showed reckless disregard for whether its conduct was wrongful. *Id.* Rivera's Declaration establishes Herrera paid Rivera as an independent contractor, but treated him in all respects like an employee. Such conduct is sufficient to establish at least a reckless disregard for the FLSA's requirements. The Court therefore finds Herrera's violation of the FLSA was willful, and the three-year statute of limitations applies.

[3] This figure is calculated by multiplying the owed half-time overtime premium ($5.00) by 3,690 hours of overtime work (30 hours per week multiplied by 123 weeks).

## Conclusion

Herrera has failed to respond to Rivera's motion for summary judgment, and thus failed to show the existence of a genuine dispute as to any material fact. Rivera is therefore entitled to summary judgment on his FLSA claim.

Accordingly,

IT IS ORDERED that Plaintiff Jose Rivera's Motion for Summary Judgment [#25] is GRANTED.

SIGNED this the 27th day of February 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE