IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:12-cv-01080-SS |
| v. | § | |
| | § | |
| ELOY HERRERA d/b/a E. | § | |
| HERRERA TRUCKING COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Jose Rivera, with the Court having entered judgment in Plaintiff's favor, submits his claim for statutory attorney fees pursuant to 29 U.S.C. section 216(b) as well as Local Rule CV-7(j):

### I. Basis for Motion for Attorney's Fees

This is a case for unpaid overtime brought under the Fair Labor Standards Act. On February 28, 2014, the Court entered judgment in favor of Plaintiff, awarding Plaintiff all of the amounts claimed by Plaintiff in the case. 29 U.S.C. section 216 states that the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. Plaintiff now submits his claim for attorney's fees and costs pursuant to the statute.

Local Rule CV-7 requires that the parties meet and confer regarding attorney's fees before submitting an application for fees to the Court. If the Court would review the recent

history of the case, the Court will be reminded that both the Defendant as well as his attorney has essentially abandoned the case. This appears to be so even though the Defendant's attorney has chosen not to withdraw. Therefore, on March 1, 2014, the undersigned counsel faxed the letter attached as Exhibit 1 to this motion to Defendant's attorney J. Gabriel Hernandez. The letter provided him until March 5, 2014 to respond with any objections to or agreement with the proposed requested fees. Unsurprisingly, Mr. Hernandez never responded. Therefore, Plaintiff will file this motion for attorney fees after the attempted conference and within 14 days of the date of the Court's Final Judgment.

## II. Evidence

Plaintiff attaches the following evidence in support of his Motion for Attorney's Fees:

A.  Declaration of Kerry V. O'Brien (Exh. 2)

B.  Time records of Kerry V. O'Brien (Exh. 3)

C.  Resume of Kerry V. O'Brien (Exh. 4)

## III. Support for Attorney Fee's Claim

1. Plaintiff has been represented by the undersigned counsel on this claim since the inception of the lawsuit.

2. Plaintiff's counsel has accepted this matter on a contingency basis.

3. The Declaration of Kerry V. O'Brien, Plaintiff's attorney in this matter, and his curriculum vitae and contemporaneous time records are attached hereto and incorporated herein for all purposes.

4. The reasonable fee which should be awarded to Plaintiff for his attorney's fees is $5002.50. Plaintiff also requests $710.00 as costs.

5. The fees requested herein do not include amounts for any future appellate work. District

courts in the Fifth Circuit are cloaked with considerable discretion in determining attorney's fees of prevailing parties. See *Mota v. The University of Texas Houston Health Science Center,* 261, F.3d 512, 527 (5th Cir.2001).

6. District courts typically utilize the "lodestar method" to calculate attorney's fees. *Green v. Adm'rs of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002). Initially, the Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983)). The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Kellstrom*, 50 F.3d at 324; *Watkins,* 7 F.3d at 457. The Court should consider the relevant factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), when analyzing the reasonableness of the hours expended and the hourly rate requested. *L.U.L.A.C. v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1232 (5th Cir. 1997); *Watkins,* 7 F.3d at 457. The Court may then adjust the lodestar upward or downward if the *Johnson* factors not included in the reasonable fee analysis warrant the adjustment. *Watkins,* 7 F.3d at 457; *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993).

**Reasonable Number of Hours and Rate Required**

1. As noted, the first step in determining the attorney's fee award is an evaluation of the number of hours reasonably expended. *Louisiana Power Light Co. v. Kellstrom, et al.*, 50 F.3d 319, 324 (5th Cir. 1995). When making this determination, fee applicants are customarily required to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Hensley,* 461 U.S. at 436-37, 103 S.Ct. at 1941; *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir.

1996). The Fifth Circuit has made clear, however, that:

> Practical considerations of the daily practice of law in this day and age preclude "writing a book" to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.

*Kellstrom*, 50 F.3d at 327.

2. Attached is the Declaration of Kerry O'Brien and an itemized list of services that he performed. (Exh. 2 and 3.) The itemized list contains detailed time entries of the services performed. The entries were made contemporaneously with work performed. The total number of hours requested are 16.3 for Kerry V. O'Brien and 0.9 for the O'Brien Law Firm's legal assistant Beth D. Sigmon.

3. After determining the hours reasonably expended on Plaintiff's claims, the Court must set a reasonable hourly rate. *L.U.L.A.C.,* 119 F.3d at 1234 (citing *Watkins,* 7 F.3d at 458). "The reasonable hourly rate is based on the 'prevailing market rates in the relevant community.'" *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)). To determine "the prevailing market rate," the Court may properly consider hourly rates set in other cases as well as affidavits regarding the reasonableness of suggested rates. *Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir. 1990).

4. In his Declaration, O'Brien states that the rate of $300 is a usual and customary rate for such work in the Travis County litigation community. Furthermore, the rate of $125 per hour for Plaintiff's firm's legal assistant's work is a usual and customary rate for such work locally. O'Brien has been a litigation attorney since October 2003 and has been litigating labor and employment cases since 2008. O'Brien has tried at least 15 case to civil juries and at least 80 cases to criminal juries. Ten years ago, federal district courts have approved awards in this range as well *See, e.g Communications Workers of American v. Ector County Hospital District,* 241 F.

Supp. 617 (W.D. Tex. 2002) [noting range of $275-$300 per hour in Odessa].

5.	The Fifth Circuit has repeatedly made clear that if the attorney's billing rate is within the range of prevailing market rates for attorneys with similar skill and experience, the Court should consider this rate when determining the hourly rate to be awarded. *Watkins,* 7 F.3d at 459 (citing *Islamic Ctr. v. City of Starkville,* 876 F.2d 465, 469 (5th Cir. 1989). When that rate is not contested, it is *prima facie* reasonable. *Islamic Ctr.,* 876 F.2d at 469; *see also Powell v. Commissioner,* 891 F.2d 1167, 1175 (5th Cir. 1990) (holding customary billing rate to be *prima facie* reasonable). In this case, Defendant's counsel has chosen not to confer on the billing rates and amounts proposed by Plaintiff's counsel. In the absence of a response from Defendant to this Motion, the Court should deem $300 per hour to be reasonable.

6.	After making these two determinations, "[t]he number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." *Shipes v. Trinity Industries,* 987 F.2d 311,319 (5th Cir.1993). Therefore, in accordance with the evidence, the Court is requested to award attorney fees and costs in the amount of **$5,712.50**, which includes 16.3 hours by Kerry O'Brien multiplied by $300/hour ($4,890), 0.9 hours by Beth Sigmon multiplied by $125/hour ($112.50) and $710 of case costs.

### III.  CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court award Plaintiff $5,712.50 for attorney fees and costs in this case.

Respectfully submitted,

*/s/ Kerry O'Brien*

KERRY V. O'BRIEN
Texas Bar No. 24038469

O'BRIEN LAW FIRM PC
1011 Westlake Drive
Austin, Texas 78746
ko@obrienlawpc.com
ph (512) 410-1960
fax (512) 410-6171

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on this, the 6th day of March 2014, the foregoing document was served electronically on the following counsel of record for Defendant via the Case Management/Electronic Case Filing System:

Jesus Gabriel Hernandez
507 W. 10th St.
Austin, Texas 78701

*/s/ Kerry O'Brien*
Kerry V. O'Brien