IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 APR 29 AM 9:32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY

JOSE RIVERA,
         Plaintiff,

-vs-                                           Case No. A-12-CA-1080-SS

ELOY HERRERA d/b/a E. Herrera Trucking Company,
         Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Jose Rivera's Motion for Attorney's Fees [#31].[1] The Court previously found Defendant Eloy Herrera liable for violating the Fair Labor Standards Act, granted summary judgment on behalf of the Plaintiff Jose Rivera, and entered a final judgment awarding Rivera $36,900.00 in damages. Rivera now seeks an award of $5,002.50 in attorney's fees and $710 in costs, for a total award of $5,712.50.

The FLSA provides the relevant statutory authority for an award of attorney's fees in this case. *See* 29 U.S.C. § 216(b). Courts in the Fifth Circuit "use the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar is calculated by "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work." *Id.* The lodestar figure is presumptively reasonable, but may be adjusted based on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* at 800.

---

[1] Plaintiff's March 10, 2014 advisory to the Court also suggests the Court's award of post-judgment interest at the rate of .12% per annum is in error. It is not. *See* 28 U.S.C. § 1961(a).

Rivera's counsel represents he spent 16.3 hours on this case, and his legal assistant spent 0.9 hours on the case. Their respective hourly rates are $300 and $125. The Court finds these amounts to be reasonable, and awards the lodestar figure of $5,002.50. Although Rivera did not file a bill of costs, *see* Local Rule CV-54(a), Rivera requests $710.00 in costs by way of its motion for attorney's fees. The requested costs include the $350.00 filing fee, which is recoverable under 28 U.S.C. § 1920(1). Rivera also requests $185.00 in private process server fees. Although the Fifth Circuit has held "the costs of a private process server are not recoverable under Section 1920" absent exceptional circumstances, the record in this case fairly establishes such circumstances as a result of the Defendant's repeated attempts to avoid service. *See Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (unpublished) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)). Finally, Rivera requests $175.00 for an "expert witness expense." Based on the record before the Court, it is unclear what this expense is, why it was necessary, or how it is recoverable under § 1920. The Court therefore declines to award the expert witness expense.

Accordingly,

IT IS ORDERED that Plaintiff Jose Rivera's Motion for Attorney's Fees [#31] is GRANTED AS MODIFIED by this order;

IT IS FINALLY ORDERED that Plaintiff Jose Rivera shall recover $5,537.50 is attorney's fees and costs, as reflected in the amended judgment issued simultaneously with this order.

SIGNED this the 25th day of April 2014.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE